**JUSTIN M. BAXTER**
Oregon State Bar ID Number 99217
justin@baxterlaw.com
Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **CHERI MELCHIONE,** | Case No. CV'07-1331 ST |
| Plaintiff, | **COMPLAINT** |
| v. | Violation of the Automatic Stay, (11 U.S.C. § 362); Fair Credit Reporting Act (15 U.S.C. § 1681) |
| **AFTRA-SAG FEDERAL CREDIT UNION,** a foreign legal entity, | |
| Defendant. | Demand For Jury Trial |

Plaintiff alleges that at:

1.

This court has jurisdiction pursuant to 15 U.S.C. § 1681p.

2.

Plaintiff CHERI MELCHIONE is a natural person who lives in Oregon.

\\\

Page 1 COMPLAINT

3.

Defendant AFTRA-SAG FEDERAL CREDIT UNION ("defendant") is a foreign legal entity.

4.

Plaintiff had a credit account with defendant, and incurred charges on that account. Plaintiff filed for Chapter 7 bankruptcy protection on or about October 11, 2005. Defendant was duly listed in the petition, and acknowledges that it received notice of plaintiff's petition on or about October 26, 2005.

5.

On or about October 31, 2005, defendant sent plaintiff a demand for payment which indicated that plaintiff was past due $267, and that her minimum payment due was $403, in violation of 11 U.S.C. § 362.

6.

On or about November 30, 2005, defendant sent plaintiff a demand for payment which indicated that plaintiff was past due $403, and that her minimum payment due was $541, in violation of 11 U.S.C. § 362.

7.

On or about December 31, 2005, defendant sent plaintiff a demand for payment which indicated that plaintiff was past due $541, and that her minimum payment due was $682, in violation of 11 U.S.C. § 362.

8.

On or about January 31, 2006, defendant sent plaintiff a demand for payment which

indicated that plaintiff was past due S682, and that her minimum payment due was $825, in violation of 11 U.S.C. § 362.

9.

The Bankruptcy Court discharged plaintiff's account with defendant on or before February 24, 2006. Defendant continued demanding payment and assessing fees and charges after February of 2006, in violation of the discharge order and injunction, entered pursuant to 11 U.S.C. § 524.

10.

During 2005 and 2006, defendant reported false information to one or more of the credit reporting agencies, including but not limited to Experian. Experian reported the false and derogatory information that defendant transmitted, including that plaintiff owed money that she currently did not, and that she was late in her payments when she was precluded from making said payments.

11.

In 2006, plaintiff repeatedly notified Experian that she disputed the validity of account information reported by defendant. Experian responded that it had contacted defendant regarding plaintiff's dispute. As a result of the investigation, Experian continued to report false information regarding the account. Defendant's investigation of plaintiff's dispute was not sufficient to remove false information from plaintiff's Experian credit reports.

12.

On or about February 24, 2006, defendant acknowledges that it received notice of plaintiff's discharge from the Bankruptcy Court, and closed plaintiff's account. On or about

March 2, 2006, defendant obtained plaintiff's Experian credit report, when it had no permissible purpose under 15 U.S.C. § 1681b to do so.

FIRST CLAIM FOR RELIEF
VIOLATION OF THE AUTOMATIC STAY
(11 U.S.C. § 362)

13.

Plaintiff realleges paragraphs 1- 12 as if fully set forth herein.

14.

Defendant violated the automatic stay by attempting to collect, assess, or recover a claim against plaintiff that arose before the commencement of the case plaintiff's petition, in violation of 11 U.S.C. § 362(a)(6).

15.

Defendant's violation was willful in that defendant was on express notice of the automatic stay from both the Bankruptcy Court and from plaintiff.

16.

As a result of defendant's conduct, plaintiff suffered and continues to suffer damages in an amount to be determined by the jury.

17.

Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury.

18.

Plaintiff is entitled to recover her attorney fees, pursuant to 11 U.S.C. § 362(k)(1).

\\\

\\\

Page 4   COMPLAINT

SECOND CLAIM FOR RELIEF
FAIR CREDIT REPORTING ACT
(15 U.S.C. § 1681n)

19.

Plaintiff realleges paragraphs 1- 12 as if fully set forth herein.

20.

Defendant is a person who furnishes information to consumer reporting agencies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2. Defendant willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

21.

Defendant willfully obtained plaintiff's credit report without a permissible purpose in violation of 15 U.S.C. § 1681b(f).

22.

As a result of defendant's violations of the FCRA, plaintiff has suffered and continues to suffer damages including: denial of credit, invasion of privacy, lost opportunity to receive credit, damage to their reputation, worry, distress, frustration, embarrassment, and humiliation, all to their damages in an amount to be determined by the jury.

23.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

24.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

\\\

\\\

Page 5   COMPLAINT

THIRD CLAIM FOR RELIEF
FAIR CREDIT REPORTING ACT
(15 U.S.C. § 1681o)

25.

Plaintiff realleges paragraphs 1- 12 as if fully set forth herein.

26.

Defendant is a person who furnishes information to consumer reporting agencies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2. Defendant negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

27.

Defendant negligently obtained plaintiff's credit report without a permissible purpose in violation of 15 U.S.C. § 1681b(f).

28.

As a result of defendant's violations of the FCRA, plaintiff has suffered and continues to suffer damages including: denial of credit, invasion of privacy, lost opportunity to receive credit, damage to their reputation, worry, distress, frustration, embarrassment, and humiliation, all to their damages in an amount to be determined by the jury.

29.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

30.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C.§ 1681o(a).

\\\

\\\

## PRAYER

WHEREFORE, plaintiffs pray for judgment against defendant as follows:

1. On the First Claim for Relief:

    a. Damages, and,

    b. Punitive damages, and,

    c. Attorney fees, costs and disbursements.

2. On the Second Claim for Relief:

    a. Damages, and

    b. Punitive damages, and,

    c. Attorney fees, costs and disbursements.

3. On the Third Claim for Relief:

    a. Damages, and,

    b. Attorney fees, costs and disbursements.

4. Trial by jury is requested.

DATED this 4th day of September, 2007.

Justin M. Baxter, OSB # 99217<br>
Baxter & Baxter, LLP<br>
(503) 297-9031<br>
(503) 291-9172 (Facsimile)<br>
justin@baxterlaw.com<br>
Attorneys for Plaintiff